absorbed by depletion. Whether the cost of any unproductive well, after abandoning it and salvaging what is salvable, can be treated as a realized loss is not here in question.

Judgment affirmed.

WALLER, Circuit Judge, concurring in the result.

### In re SNOW.

Circuit Court of Appeals, Ninth Circuit.

Feb. 9, 1945.

Cecil Snow in pro. per.

No other appearances were entered.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

Cecil Snow, who is incarcerated in the federal penitentiary at Alcatraz, claiming that he has served his sentences, sought release by petition for habeas corpus to the United States District Court for the Northern District of California. The petition was dismissed. He sought to appeal in forma pauperis. The District Court denied his application, certifying that "the appeal is so frivolous as to show that it was not taken in good faith". The right to proceed in forma pauperis is denied by the act of Congress (28 U.S.C.A. § 832) where such a certificate is made by the District Court. To overcome this obstacle to his appeal he seeks a review of the action of the District Court in making such certificate. He asks that he be allowed to pursue this review in this court in forma pauperis.

The statute is plain. It has been uniformly interpreted to deny the privilege of proceeding on appeal without the payment of costs to cases where there is no merit. Where the appeal is so devoid of merit in the opinion of the trial court as to justify his certificate of a lack of good faith in the appeal, there is no provision for a review of his action in so certifying. The result is that he must pay the costs required by law on such appeal. It follows that the attempt to review the certificate of the trial judge is futile. His application to this court for leave to proceed here in forma pauperis must also be based upon some merit in the application. There is none, for the reason stated.

Furthermore, there is no merit in this proposed appeal from the denial of release on the petition for habeas corpus. The petition for writ of habeas corpus was based upon the claim that a larceny of government property used by or belonging to the Postoffice Department (18 U.S.C.A. § 313) and a larceny of mail matter therein (18 U.S.C.A. § 317) following a burglarious entry, constitutes but one offense for larceny and one offense for such entry (18 U.S.C.A. § 315) and, consequently, he need not serve the five year sentence imposed upon him for the theft of mail matter.

This court has already decided the question and has held that the offenses for which appellant has been sentenced are separate and distinct offenses. O'Brien v. Squier, 133 F.2d 123, 124; referring to 18 U.S.C.A. §§ 313–317, we there said: "The

purposes of the two sections are different, § 313 being designed to protect the property of the Post Office Department, and § 317 being designed to protect the individual items constituting the mails. Consequently, the offense charged in the first count was separate and distinct from that charged in the third count, and the sentences imposed thereunder are valid." See also, Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; see also, Snow v. Roche, 9 Cir., 143 F.2d 718.

Application denied.

**YOUNG v. SANFORD, Warden.**

No. 11249.

Circuit Court of Appeals, Fifth Circuit.

March 9, 1945.

---

Louis David Young, in pro. per., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant, in habeas corpus proceedings, challenged the validity of his confinement. The court below discharged the writ and remanded him to the custody of the warden.

For these reasons, we think the order of the court was correct: The grounds for relief set forth in the petition related, with a single exception, to alleged irregularities and improprieties in the arrest and treatment of appellant prior to his trial, and in the procurement of evidence to be used against him. It is settled that such matters must be urged by way of defense upon the trial and by appeal; they do not constitute grounds for release by habeas corpus.[1] The single jurisdictional ground is that appellant was denied counsel for his defense. The court below found as a fact that appellant was advised of his right to counsel when his case was called for trial, and that he expressly made an intelligent waiver of that right before entering the plea of guilty upon which sentence was imposed. This finding, being supported by the record, settles the matter.[2]

Affirmed.

[1] Harkrader v. Wadley, 172 U.S. 148, 19 S.Ct. 119, 43 L.Ed. 399; Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; Vermillion v. Zerbst, 5 Cir., 97 F.2d 347; Price v. Johnston, 9 Cir., 125 F.2d 806; Scott v. Aderhold, 10 Cir., 116 F.2d 797; Graham v. Squier, 9 Cir., 132 F.2d 881; Burall v. Johnson, 9 Cir., 134 F.2d 614.

[2] Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Adams v. United States ex rel. McCann, 317 U. S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Adkins v. Sanford, 5 Cir., 120 F.2d 471; Johnson v. Sanford, D.C., 30 F.Supp. 716, 5 Cir., 112 F.2d 739.