**UNITED STATES ex rel. MARSHALL v. SNYDER, Warden.**

**No. 147, Docket 20432.**

Circuit Court of Appeals, Second Circuit.

Feb. 25, 1947.

Jonathan B. Bingham, of New York City, and Julia Marshall, for Hackett Marshall, relator-appellant, in person.

Nathaniel L. Goldstein, Atty. Gen. of New York (Wendell P. Brown, Sol. Gen., of Albany, N. Y., and Philip Kahaner, Asst. Atty. Gen., of counsel), for William E. Snyder, Warden, respondent-appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The relator Marshall, who is a Negro, was convicted in the Court of General Sessions, New York County, of the crime of assault in the second degree. He was sentenced on December 7, 1938 to serve a minimum of five years, and a maximum of ten years in Sing Sing Prison.

In 1944 the relator obtained a writ of habeas corpus from the Supreme Court of the State of New York in which he sought his release from prison on the ground that he had served his minimum sentence and was being illegally detained. He also demanded that he be transferred from Dannemora State Hospital to Sing Sing Prison. That court denied his request for release from prison but allowed a transfer to Sing Sing. He appealed from that order which, in September 1944, was unanimously affirmed by the Appellate Division, Third Department, in the following memorandum opinion, reported in People ex rel. Marshall v. Webster, 268 App.Div. 844, 50 N.Y.S.2d 520, 521:

"Appeal, in part, from an order of the Supreme Court, Clinton County, made on

or about March 16, 1944. Appellant has been found sane and transferred to Sing Sing Prison. His maximum term has not expired, and he is not entitled as a matter of right to a reduction of time from his minimum sentence. Correction Law, section 230. The Parole Board is not a party to this proceeding and this court has no power to make any order relating thereto. Appeal dismissed, without costs. All concur."

No appeal was taken from the order of the Appellate Division to the New York Court of Appeals.

Thereafter the relator obtained a writ of habeas corpus from the United States District Court for the Southern District of New York upon a petition in which he alleged (1) that he had been refused parole at the expiration of his minimum term because he was a Negro, in spite of the fact that he had maintained a good prison record; (2) that he had been denied relief in the Supreme Court of New York, in the Appellate Division, and in the New York Court of Appeals.

The Warden filed a return to the petition in which he set forth that he held the relator under order of the Court of General Sessions to serve the sentence above mentioned, the maximum of which had not expired. Philip Kahaner, Assistant Attorney General of the State, who had made the return on behalf of the Warden, filed a supporting affidavit stating (1) that a denial of parole was within the absolute discretion of the Parole Board, (2) that the relator had not exhausted his remedies in the New York State Courts in that he had failed to appeal to the Court of Appeals from the order of the Appellate Division. On September 30, 1946, the District Court made an order dismissing the writ of habeas corpus and remanding the relator to Sing Sing Prison, from which the present appeal was taken.

On November 18, 1946 Julia Marshall, the wife of the relator, who had signed the petition for the writ of habeas corpus on his behalf, filed a brief with the Clerk of this Court in which she claimed on his behalf (a) that he had exhausted his remedies for relief in the State Court; (b) that he was convicted before a jury composed exclusively of white citizens; (c) that the Parole Board had discriminated against Negroes in exercising their power to admit prisoners to parole. As data for the claim that the relator exhausted his remedies she set forth the following:

"He was held in duress in the isolation section of the State Prison in Ossining, New York, although he did not violate any of the prison rules; and was never charged with or been disciplined, his legal papers, in answer to the attorney-general of the State of New York, his brief was refused mailing privilege; however, the Court of Appeals and Motion of the Attorney-General, after reading Relator's 3rd Appellate Division Brief, which had been filed, and sustained, unanimously, in the Third Appellate Division."

The relator has had the assistance on this appeal of a brief and argument in his behalf by Jonathan B. Bingham, Esq., Counsellor-at-Law, who, after Mrs. Marshall had filed the so-called "Brief on Appeal" pro se, accepted an assignment at the instance of the Legal Aid Society whom we had requested to procure counsel in cases where a defendant lacked adequate representation. We are greatly indebted to Mr. Bingham for his excellent brief and argument.

A defendant who has been convicted in the courts of a state should exhaust his remedies in those courts before resorting to habeas corpus in a federal court. As was said by the Supreme Court in Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 450, 88 L.Ed. 572:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted."

See also White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348.

No special reason has been shown for resorting to the federal courts in the present case. It is argued that resort was proper because time was running on the relator's maximum sentence and his claim might be-

come moot if intervention should not be speedy. But there was no reason to suppose that the remedy if it existed would be more expeditious in the federal than in the state courts.

■ The claim that the relator was prevented from taking his appeal from the Appellate Division to the New York Court of Appeals is without foundation. The only attempt to state any facts on which to base such a claim is in the brief submitted by Mrs. Marshall. There is nothing in the record to indicate that any facts in support of the claim were presented to the District Court on the hearing of the writ; the statement we have quoted from the brief submitted by Mrs. Marshall on November 18, 1946, is incoherent and meaningless and should not prevail over the explicit statement of the Assistant Attorney General under oath that the relator did not take an appeal. If the relator was prevented from taking an appeal he should have furnished the details to the District Court, as he had an opportunity to do, instead of submitting a mere general allegation that "relief * * * has been applied for and denied."

■ Inasmuch as the relator did not exhaust his remedy in the state courts, his contention that in dealing with applications for parole the Parole Board discriminates against Negroes as such is not before us for consideration in the present proceeding.

■ The relator's further contention that his conviction was invalid because the trial was had before a jury made up exclusively of whites selected from a panel of similar composition was not, so far as the record before us shows, made before the trial judge in the Court of General Sessions. Such an objection he could waive either expressly or by failing to assert it at the trial. Carruthers v. Reed, 8 Cir., 102 F.2d 933. Moreover, even if he had asserted it in a timely manner and the contention had been denied, he should have exhausted his remedy in the State Court before suing out a writ of habeas corpus in the United States District Court. In addition to this, he did not allege in his petition for habeas corpus in the District Court that the panel from which his trial jury was made up was composed exclusively

of whites, but only said that he was "found guilty, after trial, by a white jury."

For the above reasons we hold that on the record presented there was no error in dismissing the writ of habeas corpus.

Order affirmed.