## REDMON v. SQUIER.
### Undocketed.

Circuit Court of Appeal, Ninth Circuit.
May 16, 1947.

Daniel J. Redmon, in pro per.

No other appearances were entered.

Before GARRECHT, HEALY and BONE, Circuit Judges.

PER CURIAM.

There seems to be no merit to the appeal that is sought to be brought up here in forma pauperis. When no merit appears in the application for leave to file an appeal in forma pauperis, the appellate court should refuse to grant it. In re Snow, 9 Cir., 147 F.2d 1006, leave to file petition for certiorari denied 325 U.S. 836, 65 S.Ct. 1187, 89 L.Ed. 1963, rehearing denied 325 U.S. 895, 65 S.Ct. 1559, 89 L.Ed. 2006; O'Brien's Manual of Federal Appellate Procedure, 3d Cum.Supp., p. 78.

The petitioner claims that he was a minor at the time of the arraignment, and pleaded guilty without having been informed of his constitutional rights; that the indictment was not read to him; that he was arraigned in court without having been taken before "any committing authority whatever"; that he was not represented by counsel; and that, under the holding in Ballard v. United States, 329 U.S. 187, 190, 67 S.Ct. 261, since women were excluded from the grand jury, the indictment is "void".

The court below allowed the petitioner to proceed in forma pauperis before it, but the petitioner alleges—with no exhibit to document the allegation—that the District Court denied him "leave to appeal * * * but * * * did not certify that the appeal sought was not taken in good faith."

In its findings of fact, the District Court stated that the petitioner was informed of his right to have counsel appointed for him, but he declined the offer; that he is a person of sufficient age and understanding, and was not misled, etc.; and that "there is nothing in the record which indicates that the alleged failure of the ar-

resting officers to bring the petitioner before a committing magistrate until he appeared in court to enter his pleas resulted in a denial of his Constitutional right to a fair and impartial trial," etc., citing Blood v. Hunter, 10 Cir., 150 F.2d 640, 641.

 As far as the Ballard case, supra, is concerned, it is not authority for the proposition that a grand jury panel can be attacked by habeas corpus proceedings. The objection should be made seasonably, by motion to quash, or some similar motion. United States v. Gale, 109 U.S. 65, 67, 3 S. Ct. 1, 27 L.Ed. 857; In re Wilson, 140 U.S. 575, 582, 11 S.Ct. 870, 35 L.Ed. 513; Kaizo v. Henry, 211 U.S. 146, 149, 29 S.Ct. 41, 53 L.Ed. 125; Harlan v. McGourin, 218 U.S. 442, 445, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849.

The petition is denied.