### WRIGHT v. UNITED STATES.

#### No. 13634.

Circuit Court of Appeals, Eighth Circuit.

Jan. 13, 1948.

Jerry Porter Wright pro se.

R. S. Wilson, U. S. Atty., David R. Boatright, Asst. U. S. Atty., and Charles A. Beasley, Jr., Asst. U. S. Atty., all of Fort Smith, Ark., for appellee.

Before GARDNER, THOMAS and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying appellant's motion to vacate a judgment and sentence and to quash the indictment on which appellant was convicted. The basis for the motion was that women had been systematically and deliberately excluded from service on the grand jury returning the indictment, and that women had likewise been excluded from service on the petit jury which tried the case. The motion was denied and this appeal followed. Appellant will be referred to as defendant.

On January 9, 1945, an indictment was returned by a grand jury for the Western District of Arkansas charging defendant with the theft of twenty-six cases of beer in transit from St. Louis, Missouri, to Harlingen, Texas, in violation of Section 409, Title 18 U.S.C.A. On April 26, 1945, he entered a plea of not guilty and counsel was assigned to represent him. On May 15, 1945, he withdrew his plea of not guilty, stating that he had discharged his attorney, and then entered a plea of nolo contendere. On May 18, 1945, he was sentenced to imprisonment for five years. He then interposed a motion to set aside this sentence and the sentence was accordingly set aside on January 15, 1946. He then withdrew his plea of nolo contendere, new counsel was assigned to represent him, and a plea of not guilty was entered on June 10, 1946. He was given a jury trial, found guilty and sentenced to imprisonment for a period of two years. Thereafter he prosecuted his appeal from that conviction to this court and on January 27, 1947, the judgment ap-

pealed from was affirmed. Wright v. United States, 8 Cir., 159 F.2d 8.

■ Jurors sitting in a federal court are required to have the same qualifications as those of the highest court of law in the state where the federal court is sitting. In Arkansas women are eligible to sit as grand and petit jurors. For the purposes of this case it is admitted that women were deliberately and systematically excluded from serving on either the grand or petit jury. It is the contention of defendant that the proceeding was so lacking in due process as to make it void. It is the contention of the government on the other hand, that defendant has waived any right that he might have had to question either the grand or petit jury panel by reason of the fact that without protest or motion challenging the panel he proceeded to trial, and thereafter on his appeal to this court raised no question as to the regularity of the proceeding culminating in his conviction.

It appears without dispute that defendant was regularly arraigned, went to trial, was sentenced, and appealed to this court without raising the question now sought to be presented. Section 556a, Title 18 U.S. C.A., provides as follows: "No plea to abate nor motion to quash any indictment upon the ground of irregularity in the drawing or impaneling of the grand jury or upon the ground of disqualification of a grand juror shall be sustained or granted unless such plea or motion shall have been filed before, or within ten days after, the defendant filing such plea or motion is presented for arraignment; * * *."

■ This statute in form at least limits the power of a court to consider the alleged irregularity in the drawing of the grand jury and when the time limited by the statute has passed the power of the court to entertain an objection to the panel on the ground of the disqualification of the grand jurors is at an end. Medley v. United States, App.D.C., 155 F.2d 857; United States ex rel. McCann v. Thompson, 2 Cir., 144 F.2d 604, 156 A.L.R. 240. Rule 6(b) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, provides that, "The attorney for the

government or a defendant who has been held to answer in the district court may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law, and may challenge an individual juror on the ground that the juror is not legally qualified. Challenges shall be made before the administration of the oath to the jurors and shall be tried by the court."

Rule 6(b) (2) provides as follows: "A motion to dismiss the indictment may be based on objections to the array or on the lack of legal qualification of an individual juror, if not previously determined upon challenge. * * *."

■ The manifest purpose of these rules is to require that objections to the array or panel be presented at the early stages of the proceeding. In Carruthers v. Reed, etc., 8 Cir., 102 F.2d 933, 939, we held that, "The right to challenge the panel is a right that may be waived and is waived if not seasonably presented. Such rights, if waived during trial, may not be availed of by attack, in a collateral proceeding." See also United States ex rel. Marshall v. Snyder, 2 Cir., 160 F.2d 351.

Defendant relies chiefly on the decisions of the Supreme Court in Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261 and Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181, 166 A.L.R. 1412. In each of these cases, however, the challenge to the panel was timely made and preserved. The question was also before the Supreme Court in Fay v. People of New York, 332 U.S. 261, 67 S.Ct. 1613, 1616. In the course of the opinion in that case the court, among other things, said: "The question is whether a warranted conviction by a jury individually accepted as fair and unbiased should be set aside on the ground that the make-up of the panel from which they were drawn unfairly narrows the choice of jurors and denies defendants due process of law or equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution. If answered in the affirmative, it means that no conviction by these special juries is constitutionally valid, and

**408**

all would be set aside *if the question had been properly raised at or before trial."* (Italics supplied.)

 While the right to trial by jury in a criminal case is deeply embedded in our jurisprudence, yet it is a right which may be waived. In the instant case it is not claimed that the jurors did not have all the requisite qualifications of jurors but that they were not properly selected. In all the decisions by the Supreme Court which are relied upon by the defendant, the question as to the regularity of the proceedings in the selection of the jury was timely raised, and one of the questions considered by the court was whether or not the issue had been waived. We are of the view that the defendant has waived the question and can not at this late date be heard to challenge the regularity of the proceeding in the selection or drawing of the jury panel.

The order appealed from is therefore affirmed.