KELLY v. SQUIER, Warden.

No. 11679.

Circuit Court of Appeals, Ninth Circuit.
March 2, 1948.

DENMAN, Circuit Judge, dissenting.

Harry C. Kelly, in pro. per., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy A. B. Dovell, of Tacoma, Wash., for appellee.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Western District of Washington, Southern Division, dismissing appellant's petition for a writ of habeas corpus.*

The petition alleges:

"1. The indictment in this case is wholly illegal and void for the reason that at the time petitioner was indicted by the Federal Grand Jury in the United States District Court at San Francisco, California, on the 21st day of September, 1932, women were not summoned to serve as jurors on said Grand Jury; women were intentionally and systematically excluded from service as jurors on said Grand Jury; said exclusion of women from service on said Grand Jury being entirely illegal, thus rendering return of, and said indictment itself, by an all-male Grand Jury, completely illegal, invalid and void."

This is an attempt to attack the composition of the Grand Jury panel returning the indictment. We held in the case of Redmon v. Squier, 162 F.2d 195, 196, that objections to a Grand Jury panel must be seasonably made by motion to quash, or some similar motion, and cannot be raised by habeas corpus.

The order dismissing the petition is affirmed.

DENMAN, Circuit Judge (dissenting).

While the petitioner stated that he attacks the indictment as invalid on its face he is a layman, proceeding propria persona. We are required to construe his contentions with reference to the relief as the facts stated and those of which we have notice will warrant.

What is hereafter said would seem to come within a liberal interpretation of the fourth contention of his brief here.

"4.—If said indictment and proceedings are invalid, and said Trial Court was without jurisdiction, did said invalid indictment and proceedings which terminated in imprisonment, accord appellant Due Process of Law?"

In any event the judgment against petitioner if affirmed should be with leave to amend his petition if so advised.

Appellant on September 21, 1932, was indicted by a federal grand jury in the Northern District of California for a violation of 18 U.S.C. 320, 18 U.S.C.A. § 320. Two days later, on September 23, 1932, without counsel, he pleaded guilty and was sentenced to imprisonment for 25 years by the

* See Kelly v. Johnston, 9 Cir., 1940, 111 F.2d 613; Id., 1941, 312 U.S. 691, 61 S.Ct. 710, 85 L.Ed. 1127; Id., 1941, 312 U.S. 715, 61 S.Ct. 803, 85 L.Ed. 1145; Id., 9 Cir., 1942, 128 F.2d 793; Id., 1943, 317 U.S. 699, 63 S.Ct. 439, 87 L.Ed. 559; Id., 1943, 318 U.S. 798, 63 S.Ct. 558, 87 L.Ed. 1162; Kelly v. United States, 9 Cir., 1943, 135 F.2d 919; Kelly v. Johnston, 1946, 326 U.S. 695, 66 S.Ct. 328, 90 L.Ed. 409.

United States District Court for that district.

It appears that, when the plea of guilty was accepted by the California district court, women had been excluded from the federal grand jury panels for over 13 years after they were eligible for such service on California juries. This was open and notorious knowledge to the legal profession. Their purposeful exclusion from the grand jury indicting appellant was admitted at the trial.

The court, in accepting the plea from the accused without counsel so acted when charged with knowledge that all the unrepresented pleader had to do to prevent any sentence being adjudged against him was to move to quash the indictment. Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261. Instead, though having such knowledge, the court pronounced the sentence.

It seems obvious that such action by the judge is a "fundamental" and not a mere minor error. He should have either dismissed the indictment sua sponte or advised appellant of his right to move for such a dismissal, or appointed an attorney for him for that purpose.

The court's failure to perform such a judicial obligation is a plain violation of the court's judicial process due to be exercised for the accused.

It is apparent that the layman appellant, because he did not so move, was in "ignorance" of this right to move to quash the indictment just as in Powell v. Alabama, 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158, 84 A.L.R. 527, Powell was "incapable adequately of making his own defense because of *ignorance*." In that case the Court held it was "the duty of the court, *whether requested or not*, to assign counsel for him as a necessary requisite of *due process of law*." (Emphasis supplied.) Cf. De Meerleer v. Michigan, 329 U.S. 663, 664, 67 S.Ct. 596.

It is true that Powell v. Alabama is a capital case, but the above language is quoted and made the basis of the decision in the recent case of Williams v. Kaiser, 323 U.S. 471, 476, 65 S.Ct. 363, 89 L.Ed. 398, where the sentence was for fifteen years. "Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused. Speaking of the obligation of the trial court to preserve the right to jury trial for an accused Mr. Justice Sutherland said that such duty 'is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.' Patton v. United States, 281 U.S. 276, 312, 313, 50 S.Ct. 253, 263, 74 L.Ed. 854, 70 A.L.R. 263." Glasser v. United States, 315 U.S. 60, 71, 62 S.Ct. 457, 465, 86 L.Ed. 680.

How "fundamental" is the error is apparent from the holding of the Ballard case that the trial of an accused on an indictment by such a grand jury must be set aside even if no prejudice to the accused be shown. In ordering the dismissal of the indictment against Donald Ballard, indicted by a grand jury of men, because of violation of the obligation in California to have women on the jury, the Supreme Court states, Ballard v. United States, 329 U.S. 187, 195, 67 S.Ct. 261, 265,

" * * * The systematic and intentional exclusion of women, like the exclusion of a racial group, Smith v. Texas, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84, or an economic or social class, Thiel v. Southern Pacific Co., supra, [328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181, 166 A.L.R. 1412] deprives the jury system of the *broad base* it was designed by Congress to have in our democratic society. It is a departure from the statutory scheme. As well stated in United States v. Roemig, D.C., 52 Supp. 857, 862, 'Such action is operative to destroy the *basic* democracy and classlessness of jury personnel.' It 'does not accord to the defendant the type of jury to which the law entitles him. It is an administrative denial of a right which the lawmakers have not seen fit to withhold from but have actually guaranteed to him.' Cf. Kotteakos v. United States, 328 U.S. 750, [764,765] 66 S.Ct. 1239, [90 L.Ed. 1557]. The injury is not limited to the defendant—there is injury *to the jury system*, to the *law as an*

*institution,* to the *community at large,* and to the democratic ideal reflected in the processes of our courts." (Emphasis supplied.)

Obviously the *"broad base"* is a fundament and *"basic"* means "fundamental."

It is contended that it is beyond our jurisdiction to consider in habeas corpus such action by the judge because it is an error which the accused might have had corrected on appeal. The contrary was held in Williams v. Kaiser, supra, at page 475 of 323 U.S., 65 S.Ct. 363, 89 L.Ed. 398, a habeas corpus proceeding.

In this aspect the case is unlike Redmon v. Squier, 9 Cir., 162 F.2d 195, 196. The contention concerns the failure of the judge to advise the accused *of his right* to attack the grand jury panel. None of the Supreme Court cases cited above to this contention is mentioned in the Redmon case, much less considered. That the same question as here presented lurks in the record of the Redmon case is even more irrelevant in this criminal case than it is in civil cases. Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411.

The order should be reversed.