70

**DEAN v. UNITED STATES.**

**No. 11764.**

Circuit Court of Appeals, Ninth Circuit.

July 30, 1948.

Harry E. Dean, in pro. per.

James M. Carter, U. S. Atty., Ernest A. Tolin, Chief Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

**PER CURIAM.**

In 1933 an indictment was returned against appellant in the Southern District of California charging him in five counts with armed mail robbery and other crimes against the mails as defined in 18 U.S.C.A. §§ 312, 313, 317, and 320. Counsel was appointed by the court to represent him. Originally he pleaded not guilty but on Sep-

tember 5, 1933 he appeared with his counsel and entered a plea of guilty. A sentence of twenty-five years was imposed on the first count and sentences for concurrent terms of three years upon each of the remaining counts.

On June 30, 1947, he moved to vacate the judgment on the ground that women had been systematically excluded from the grand jury returning the indictment, hence, he claims, the court was without jurisdiction to impose any sentence. The record in the original proceeding contains no motion to quash or other pleading by way of challenge to the indictment or to the authority or composition of the grand jury which returned it. The district court denied the motion to vacate, and the appeal is from this order.

The government concedes that the grand jury in question had been impaneled in substantially the same manner and under substantially the same practice as was employed in the impaneling of the grand jury which indicted the defendants in Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, and that, although the motion was heard without the introduction of evidence, the trial court took judicial notice of the practice prevailing in the District in 1933. The question before us is thus whether the infirmity now sought to be taken advantage of was waived by appellant's failure to make timely objection.

We think it was. In Redmon v. Squier, 9 Cir., 162 F.2d 195, which was on habeas corpus, we held that the defect is waived unless seasonable objection is interposed by some appropriate motion. The Court of Appeals of the Eighth Circuit in Wright v. United States, 165 F.2d 405, and in King v. United States, 8 Cir., 165 F.2d 408, reached a similar conclusion where, as here, the point was sought to be raised for the first time by motion to vacate the judgment and sentence. The practice complained of has been discontinued in the Southern District and there can be no justification for the granting of the motion as a corrective measure.

Affirmed.