**ROGERS v. SQUIER.**

No. 12086.

United States Court of Appeals
Ninth Circuit.

May 4, 1949.

Rehearing Denied June 9, 1949.

---

[1] See Yates v. Hunter, D.C., 80 F.Supp. 851.

William H. Orrick, Jr., San Francisco, Cal., for appellant.

J. Charles Dennis, U.S. Atty., Guy A. B. Dovell, Asst. U.S. Atty., Tacoma, Wash., for appellee.

Before MATHEWS, HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

Appellant, an inmate of the federal penitentiary at McNeil Island, on August 30, 1948 petitioned the district court for a writ of habeas corpus alleging that in 1936 he was tried and convicted on a criminal charge in the district court of the United States for the district of Utah, sitting at Salt Lake City, and was sentenced to life imprisonment. He claimed the right to discharge from custody on the ground that women had been systematically and intentionally excluded from the grand jury which indicted him and the petit jury which tried him. The court issued a show cause order and after a hearing denied the petition.

The government admits, and the court found, that in the state of Utah in 1936 women were eligible for jury service. The record contains a certificate of the clerk of Salt Lake County, dated August 1948, stating that women were permitted to serve on petit juries in the district court of the state for that county and did serve as such jurors during the period from 1930 to date. Nothing is said of grand juries; and it would seem that in Utah the subject is largely academic since criminal prosecutions there are almost invariably initiated by information. We assume, however, that in Utah at the time in question women were and have continued to be eligible to serve on grand as well as petit juries. A communication from the clerk of the United States district court for Utah states that prior to March 1939 no women served as jurors in that court, but that since 1939 the names of women have customarily been placed in the box and women have since served on every grand and petit jury.

Petitioner concedes that in the course of the proceeding in which he was convicted no point was made of the exclusion of women and no challenge of any sort interposed to the composition or authority of either the grand or petit jury functioning in his case. His counsel contends that this circumstance is wholly immaterial, arguing, in substance, that a grand jury drawn from an array from which women are systematically excluded is not a grand jury within the intendment of the Fifth Amendment, hence the indictment returned against petitioner was void; also, that a trial jury selected from a like panel does not provide the "trial by jury" guaranteed by Art. III, Sec. 2, Clause 3 of the constitution.

Needless to say this interpretation of the constitution would utterly bewilder the Founding Fathers had they survived to hear it. State laws qualifying women for jury service are a product of the present generation, prior to which time the common-law concept of an exclusively male jury held universal sway. This ancient rule or principle of the common law still persists in nearly half the states, or did as late as 1942.[1] The modern enactments broadening the definition of juries to include women as well as men have significance only in that they represent a logical development of the movement for the emancipation or enfranchisement of women and of the struggle of the sex to obtain recognition of their right and capacity to participate in public affairs. Historically the enactments bear little if any relation to essays to reform the jury system or to improve the quality of juries.

Congress has from the outset referred to state law to determine who are qualified

---

[1] See Report to the Judicial Conference of the Committee on Selection of Jurors (1942), p. 23.

to act as jurors in the federal courts.[2] While there has been some lag in the practice of those courts in following the lead of the states in this respect, no court so far as we know has yet suggested that the omission of women from jury panels was other than an error an accused party may waive. We have repeatedly held that it is waived unless seasonable objection has been interposed in some appropriate way. Redmon v. Squier, 9 Cir., 162 F.2d 195; Kelly v. Squier, 9 Cir., 166 F.2d 731, certiorari denied 334 U.S. 849, 68 S.Ct. 1501, 92 L.Ed. 1772; Dean v. United States, 9 Cir., 169 F.2d 70. To the same effect see Wright v. United States, 8 Cir., 165 F.2d 405; King v. United States, 8 Cir., 165 F.2d 408; Brown v. United States, 8 Cir., 165 F.2d 409; Crouch v. United States, 5 Cir., 168 F.2d 866; Johnson v. Sanford, 5 Cir., 167 F.2d 738. Cf. also United States v. Gale, 109 U.S. 65, 3 S.Ct. 1, 27 L.Ed. 857; Ex parte Wilson, 140 U.S. 575, 11 S.Ct. 870, 35 L.Ed. 513; Kaizo v. Henry, 211 U.S. 146, 29 S.Ct. 41, 53 L.Ed. 125; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849.

Affirmed.

---

[2] Sec. 29, Act of Sept. 24, 1789, 1 Stat. 73, 88.