Charles F. HANOVICH, Petitioner-Appellant,

v.

Beryl C. SACKS, as Warden Ohio Penitentiary, et al., Respondents-Appellees.

No. 14489.

United States Court of Appeals
Sixth Circuit.

June 9, 1961.

William A. Ogden (Appointed by the Court), Cincinnati, Ohio (Charles F. Hanovich, in pro. per., on the brief), for appellant.

Aubrey Wendt, Asst. Atty. Gen. (Mark McElroy, Atty. Gen., John J. Connors, Jr., Asst. Atty. Gen., on the brief), for appellees.

Before MILLER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court denying appellant's petition for a writ of habeas corpus. We assigned counsel to represent him here. An oral hearing was conducted in the District Court, but no transcript of evidence has been filed. It appears from the papers in the case that Hanovich was indicted by the Grand Jury in the Court of Common Pleas of Cuyahoga County, Ohio on January 6, 1929 on a charge of murder in the first degree resulting from shooting a policeman with a pistol. He entered a plea of not guilty. He was represented by competent counsel of his own choosing. The case was tried before a jury in the Common Pleas Court and resulted in his conviction, the jury recommending mercy. He was sentenced to life imprisonment and has been confined ever since in the Ohio State penitentiary.

No appeal was ever prosecuted from the judgment of conviction. No transcript of evidence introduced at the trial of the criminal case has been prepared.

Hanovich previously filed an original action in habeas corpus in the Supreme Court of Ohio alleging various errors and irregularities in his conviction. The Supreme Court of Ohio denied the writ holding that he had an adequate remedy by appeal to review the alleged errors and irregularities and cannot now have such a review in a habeas corpus proceeding. Hanovich v. Alvis, 170 Ohio St. 360, 164 N.E.2d 739. Certiorari was denied by

the Supreme Court of the United States, 363 U.S. 851, 80 S.Ct. 1630, 4 L.Ed.2d 1733.

■ Hanovich urges here that his constitutional rights were violated in his arrest in Chicago and removal to Cleveland for trial, the record not disclosing any extradition papers or whether he waived extradition. This claim is without merit. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

He further contends that the Grand Jury in the state court was illegally constituted; that the record does not show the substitution of a new foreman of the Grand Jury; that there were only 14 members of the Grand Jury at the time the indictment was returned instead of 15 members as required by Ohio law.

■■ Whether or not the Grand Jury was legally constituted involved solely a question of Ohio law. There was a presumption of regularity in the proceedings of the Common Pleas Court. Merely because a substitution may have been made in one or more of the members of the Grand Jury by an order of the court which was never formalized by journal entry does not render the proceeding void. Hanovich never questioned the validity or sufficiency of the indictment in the Common Pleas Court. Under Ohio law, remedies were available to him by way of motion to quash, plea in abatement or challenge to the array to attack the validity or sufficiency of the indictment. Where the accused enters a plea to the indictment and proceeds to trial without raising any question concerning defects in the indictment he is deemed to have waived them. R.C. § 2941.59 formerly G.C. 13439-11; · State v. Whitmore, 126 Ohio St. 381, 185 N.E. 547; City of Toledo v. Soldier, 101 Ohio App. 273, 139 N.E.2d 631.

■ This point was presented to the Supreme Court of Ohio by Hanovich in his habeas corpus proceeding which was decided adversely to him. We think that the determination of this issue by the Supreme Court of Ohio is binding on us

and cannot be relitigated in a second habeas corpus proceeding.

Other errors are claimed by Hanovich in his 78 page brief, but we deem them without merit. In our judgment, the state court had complete jurisdiction to try him on the charge of murder. The errors of which he complains were all such as could have been presented in a direct appeal from the judgment of conviction. He chose not to appeal. His rights under the federal constitution have not been violated.

Judgment affirmed.