STATE, PLAINTIFF-APPELLANT, *v.* YUREK, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Lake County.

No. 707.   Decided May 27, 1963.

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. Barry M. Byron*, assistant prosecuting attorney, for plaintiff-appellant.

*Messrs. Blakely & Rand*, and *Mr. Eugene B. Fox*, for defendant-appellee.

BROWN, J. The defendant was charged by indictment with violating Section 2907.21, Revised Code (larceny by trick) in that he "did unlawfully obtain title to certain real property * * * by making a false representation or pretense."

The demurrer to this indictment was properly sustained by the trial court because:—

First, Section 2907.21, Revised Code, says no person shall obtain possession of or title to *anything of value* with consent of the persons from whom he obtained it provided he induced such consent by a false or fraudulent representation.

Second, Section 1.03, Revised Code, definition of "anything of value" is as follows:—

"As used in any section of the Revised Code for the violation of which there is provided a penalty or forfeiture, unless the context otherwise requires, 'anything of value' includes:

"(A) Money, bank bills or notes, United States treasury notes, and other bills, bonds, or notes issued by lawful authority and intended to pass and circulate as money;

"(B) Goods and chattels;

"(C) Promissory notes, bills of exchange, orders, drafts, warrants, checks, or bonds given for the payment of money;

"(D) Receipts given for the payment of money or other property;

"(E) Rights in action;

"(F) Things which savor of the realty and are, at the time they are taken, a part of the freehold, whether they are of the substance or produce thereof or affixed thereto, although there may be no interval between the severing and taking away;

"(G) Every other thing of value."

Since the context of Section 2907.21, Revised Code, does not "otherwise require," title to real estate does not constitute a thing of value as defined in Section 1.03, Revised Code.

The indictment upon demurrer must be sufficient upon its face. A bill of particulars cannot create or cure a defect in an indictment. Wharton Criminal Law and Procedure (1957), Volume 4, Page 725.

It follows that the recitations contained in the bill of particulars are of no interest to us at this time, since the only question before us upon this appeal is the sufficiency of the indictment to state an offense under the statute.

Judgment affirmed.

DONAHUE, P. J., FRANCE, J., concur.