**Charles F. HANOVICH, Petitioner-Appellant,**

v.

**E. L. MAXWELL, Warden, Respondent-Appellee.**

**No. 15895.**

United States Court of Appeals
Sixth Circuit.

March 3, 1965.

James W. Halloran (Court Appointed), Cincinnati, Ohio, for appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, William B. Saxbe, Atty. Gen., John Cianflona, Asst. Atty. Gen., Columbus, Ohio, on brief, for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and McALLISTER, Senior Circuit Judge.

## PER CURIAM.

Appellant, Charles F. Hanovich, was convicted of first degree murder in the Court of Common Pleas of Cuyahoga County, Ohio, in the year 1929. Upon a recommendation of mercy by the jury, he was sentenced to life imprisonment. We are advised that he is now at liberty on parole. No appeal was taken from his conviction, which followed a trial at which he was represented by competent counsel of his own choosing.

Appellant's first effort to attack his conviction was in 1960 and his then original application to the Supreme Court of Ohio for a writ of habeas corpus was denied. Hanovich v. Alvis, 170 Ohio St. 360, 164 N.E.2d 739 (1960). Certiorari was denied by the United States Supreme Court, 363 U.S. 851, 80 S.Ct. 1630, 4 L.Ed.2d 1733 (1960). Application for delayed appeal was denied by the Court of Appeals and the Supreme Court of Ohio, and certiorari was again denied by the United States Supreme Court, Hanovich v. Ohio, 372 U.S. 923, 83 S.Ct. 740, 9 L.Ed.2d 728 (1963). A motion for leave to file a petition for habeas corpus in the United States Supreme Court was also denied. Hanovich v. Maxwell, 373 U.S. 930, 83 S.Ct. 1556, 10 L.Ed.2d 701 (1963). Other efforts to attack appellant's conviction need not be detailed.

In 1961 this Court affirmed dismissal of an application of appellant for habeas corpus made to the United States District Court for the Southern District of Ohio. Hanovich v. Sacks, 290 F.2d 798 (CA 6, 1961), cert. denied, 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed.2d 61 (1961). The opinion sets forth various procedures employed by Hanovich to obtain release from prison. His chief contention in that habeas corpus action was that the grand jury which indicted him was not composed as required by Ohio law. We held that under Ohio law "[w]here the accused enters a plea to the indictment and proceeds to trial without raising any question concerning defects in the indictment he is deemed to have waived them." 290 F.2d 799.

Following our above decision, Hanovich filed a new habeas corpus application in the District Court. He made the same attack upon the indictment as had been found without merit by our above mentioned decision. He added allegations to the effect that in the course of his various legal actions in the state and federal courts, agents of the State of Ohio had altered court records and committed perjury. Although lacking in clarity, such allegations must be fairly read as relating to efforts by Ohio to support the regularity of its indictment. Hanovich complains here that the District Court should have held a hearing upon which he could prove such allegations. Our previous holding that his indictment is not now subject to attack obviated the necessity of taking such proofs.

The District Judge dismissed the instant habeas corpus application without hearing, holding that it presented the same question as had been disposed of by the order of the District Court which had been affirmed by this Court in Hanovich v. Sacks, supra, 290 F.2d 798. We agree that the present application "presents no new ground not theretofore presented and determined." 28 U.S.C.A. § 2244. We are of the opinion that the ends of justice would not be served by further inquiry into appellant's claims. Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Appellant further attacks the District Court order on the ground that prior to its entry Hanovich had filed an affidavit of prejudice against District Judge Underwood, who entered the order. We find this contention without merit in view of our holding that upon its face and upon the record of his previous application, appellant's petition was groundless as a matter of law. The District Judge was of the view that the grounds of his dismissal order rendered the matter of his disqualification moot.

Judgment affirmed.