Albert Wesley CHARLES, Petitioner-Appellant,

v.

E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.

No. 16185.

United States Court of Appeals
Sixth Circuit.

July 21, 1965.

George A. Lutz (Court Appointed), Cincinnati, Ohio, for appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, William B. Saxbe, Atty. Gen., Columbus, Ohio, on brief, for appellee.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Southern District of Ohio denying the petition of petitioner-appellant for a writ of habeas corpus. The district judge dismissed the petition for the reason that it failed to show in any way legal grounds for release.

The appellant was convicted of armed robbery in a trial before a petit jury in the Common Pleas Court of Scioto County, Ohio, in 1961. He was sentenced to the Ohio State Penitentiary where he is still confined. It is this confinement of which he complains. He was represented at the trial by counsel appointed by the Court.

The appellant claims that the grand jury, which indicted him on this charge, was not legally constituted. The facts are not in dispute. At the September Term, 1961, in the Common Pleas Court

of Scioto County, Ohio, fifteen persons were selected for the grand jury, pursuant to Section 2939.02,[1] Revised Code of Ohio. Ten of these persons were excused for one reason or another by the presiding judge. The judge then filled these vacancies with persons whose names were not on the annual jury list or deposited in the jury wheel in accordance with Sections 2313.07, 2313.08 and 2313.35, Revised Code of Ohio.

There are no allegations in the petition that the persons selected by the judge were not qualified to sit on a grand jury, no claim that the appellant did not have a fair trial before the petit jury and no claim that the crime for which he was indicted was not an offense under the laws of Ohio. Neither is it alleged that the appellant was prejudiced in any way by the method of selecting the grand jury. Section 2313.41 of the Revised Code of Ohio prescribes a method of challenging a grand jury, when it is not selected according to law. No challenge to the array was made.

The appellant presented this same question to the Supreme Court of Ohio by petition for writ of habeas corpus and it was there denied. Charles v. Maxwell, Warden, 176 Ohio St. 217, 198 N.E.2d 773. In Huling v. State, 17 Ohio St. 583, 588, the court held that the statutory provisions then existing for the selection of grand jurors was directory rather than mandatory. The court also held that irregularities in the selecting and drawing of grand jurors not affecting their qualification, could not be pleaded in abatement by the accused. In State ex rel. Burton v. Smith, 174 Ohio St. 429, at page 434, 189 N.E.2d 876, at page 879, the court said: "Consistent with the decision in Huling we agree that the decision in this case may not be used by one accused or already convicted for the purpose of invalidating any indictment returned by a grand jury heretofore selected by a judge in the manner employed by the respondent."

See also, Hanovich v. Sacks, 290 F.2d 798, C.A. 6.

We find no violation of any federal constitutional right of the appellant.

Judgment of the District Court is affirmed.

1. See Sections 2313.38 and 2313.39, Revised Code of Ohio, in re making up the panel of a grand or petit jury by selection of talesmen.