Claude Elmer RAMBO, Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10153.

United States Court of Appeals Fourth Circuit.

June 21, 1967.

Parker E. Cherry, Richmond, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (Robert Y. Button, Atty. Gen., of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and J. SPENCER BELL,* Circuit Judges.

HAYNSWORTH, Chief Judge:

In November 1961, Rambo was found guilty by a jury and was sentenced to ten years imprisonment by a Virginia court for statutory burglary. After a full hearing and a denial of habeas corpus by the state courts, he sought federal habeas corpus and the District Judge summarily dismissed the petition. We affirm.

Five contentions are presented to this Court on appeal.

█ Rambo first contends that he was denied the assistance of counsel at his preliminary hearing in violation of the Sixth Amendment. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, are cited for the proposition that the preliminary hearing is a critical stage in the proceedings. This, however, is not always the case. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; DeToro v. Pepersack, 4 Cir., 332 F.2d 341. The Virginia preliminary hearing is not a critical stage in the proceedings, and Rambo was not entitled to counsel at that point. Vess v. Peyton, 4 Cir., 352 F.2d 325; Ward v. Peyton, 4 Cir., 349 F.2d 359.

█ The petitioner's second contention is that his court-appointed lawyer,

---

* Judge Bell participated in the hearing and concurred in the disposition of the case,

but died before the opinion was prepared.

Mr. Womack, was sick and dying during the trial and he was therefore denied the effective assistance of counsel. Rambo relies heavily on the fact that Mr. Womack had a fatal heart attack shortly after the trial. However, the facts concerning the trial itself, as brought out in the state habeas hearing, clearly show that counsel was, on the contrary, quite effective. Womack, appearing to be in good health throughout the trial, vigorously conducted the defense and thoroughly cross-examined the Commonwealth's witnesses.

■ The third point, which Rambo raised for the first time on habeas corpus, is that the foreman of the grand jury which indicted him was the brother of the man whose store was robbed. There was no challenge to the array nor any motion to quash the indictment, although there was some discussion of such action by the petitioner and his attorney. This objection to a member of the grand jury should have been raised at an early stage in the proceeding. There were two directions in which Rambo could have gone after the indictment was returned against him: He could have challenged the indictment or he could have proceeded to a trial on the merits. He chose the latter and

should not now be allowed to retrace his steps and take the other path with the hope that it will lead to a different result. An objection to a member of the grand jury should have been seasonably made and, in light of Rambo's failure to do so, this Court will not now consider the merits of his claim.[1] United States v. Gale, 109 U.S. 65, 3 S.Ct. 1, 27 L.Ed. 857; Charles v. Maxwell, 6 Cir., 348 F.2d 890; Kelly v. Squier, 9 Cir., 166 F.2d 731; Redmon v. Squier, 9 Cir., 162 F.2d 195; Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368; Taylor v. Commonwealth, 90 Va. 109, 17 S.E. 812 (1893); Early v. Commonwealth, 86 Va. 921, 11 S.E. 795 (1890).

■ The fourth and fifth points of petitioner's appeal are that he was denied a copy of the transcript of his trial and that after the death of his trial counsel, no attorney was appointed to advise him concerning his right to appeal. Neither point was raised in the state proceedings and the District Judge correctly dismissed the petition as to these points without prejudice to Rambo's right to seek relief after he has complied with the exhaustion requirements of 28 U.S.C.A. § 2254.

Affirmed.

---

1. The same rule applies to prosecutions in the federal courts. Such an objection to the grand jury may be raised only by motion before trial. Rules 6(b) and 12(b) (2) of the Fed.R.Crim.P. See also Scales v. United States, 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782; Crowley v. United States, 194 U.S. 461, 24 S.Ct. 731, 48 L.Ed. 1075; Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624; Miranda v. United States, 1 Cir., 255 F. 2d 9; Poliafico v. United States, 6 Cir., 237 F.2d 97; United States v. Klock, 2 Cir., 210 F.2d 217; York v. United States, 8 Cir., 167 F.2d 847; Brown v. United States, 8 Cir., 165 F.2d 409; King v. United States, 8 Cir., 165 F.2d 408;

Wright v. United States, 8 Cir., 165 F.2d 405. Whether or not the record here is sufficient to support an affirmative finding of a voluntary, understanding relinquishment of a known right to attack the indictment before trial, it is quite sufficient to call for application of the principle that this belated attack is foreclosed by the judgment. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies, 88–89 (Tent.Draft 1967), recommended by the Advisory Committee on Sentencing and Review, Simon E. Sobeloff, Chairman.