## KAIZO v. HENRY, HIGH SHERIFF OF HAWAII.

### ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 27.    Argued October 29, 1908.—Decided November 16, 1908.

While a court of competent jurisdiction may discharge a prisoner held
by another court which has exceeded its jurisdiction, even in such
a case the prisoner may be remitted to his remedy by writ of error.
No court may properly release a prisoner under conviction and sentence
of another court unless for want of jurisdiction of cause or person or
some matter rendering the proceeding void.
Where a court has jurisdiction mere errors cannot be corrected upon
*habeas corpus.*
Disqualifications of grand jurors do not destroy jurisdiction if it other-
wise exists, and the indictment though voidable is not void; and
objections seasonably taken in the trial court if erroneously over-
ruled must be corrected by writ of error and not by proceedings in
*habeas corpus.*
18 Hawaii, 28, 658, affirmed.

THE facts are stated in the opinion.

*Mr. Duane E. Fox* and *Mr. Arthur S. Browne*, with whom
*Mr. A. S. Humphreys* was on the brief, for plaintiff in error.

*Mr. Charles R. Hemenway*, with whom *Mr. Mason F. Prosser*
was on the brief, for defendant in error.

MR. JUSTICE MOODY delivered the opinion of the court.

This is a writ of error directed to a judgment of the Supreme
Court of the Territory of Hawaii, discharging a writ of *habeas
corpus* and remanding the petitioner to the custody of the
sheriff. The plaintiff in error was indicted for murder by a
grand jury at a term of a Circuit Court of the Territory, held in
August, 1905. The grand jury was composed of sixteen mem-
bers. A plea in abatement was seasonably filed, alleging that

eight of the grand jurors were not citizens of the United States or of the Territory, a qualification prescribed by the laws of the Territory. The Territory joined issue on this plea. The parties then agreed upon the facts upon which it was based, namely, that the eight grand jurors questioned were citizens only by virtue of judgments of naturalization in a Circuit Court of the Territory. The plea, with the agreed facts, raised the question of the jurisdiction of the Circuit Courts of the Territory to naturalize aliens. Under a statute of the Territory that question was certified to the Supreme Court, and that court held that the Circuit Courts of the Territory had jurisdiction to naturalize and that the grand jury possessed the necessary qualifications. Thereupon the trial judge overruled the plea in abatement, and an exception was taken. After due proceedings, plaintiff in error was found guilty as charged, and, on March 22, 1906, sentenced to death. Thereupon he prosecuted a writ of error to the Supreme Court of the Territory, assigning, among other errors, the overruling of the plea in abatement. The judgment of the lower court was affirmed by the Supreme Court on October 23, 1906, and a death warrant thereupon was issued by the Governor of the Territory, commanding the high sheriff to execute the sentence of death on January 22, 1907. No writ of error was sued out on the foregoing judgments of the Supreme Court. The plaintiff in error, however, six days before the date fixed for his execution, filed a petition for *habeas corpus* in the Supreme Court of the Territory, basing his claim for discharge from custody upon the same facts set forth in the plea in abatement and in the agreed statement of facts. The petition alleged that for the reason of the disqualification of eight members of the grand jury, the indictment was void, and that the trial court was without jurisdiction to proceed against him under it. The writ of *habeas corpus* was discharged and the petitioner remanded to the custody of the sheriff, and to this judgment the present writ of error is directed.

The principal question argued before us by counsel is, whether the eight members of the grand jury, whose qualifications were

questioned, were naturalized by courts having the authority to naturalize aliens. But we find no occasion to decide or consider this question. If the plaintiff in error desired the judgment of this court upon it he should have brought a writ of error to the judgment of the Supreme Court of the Territory which passed upon it in affirming the judgment of conviction in the trial court. He may not lie by, as he did in this case, until the time for the execution of the judgment comes near, and then seek to raise collaterally, by *habeas corpus*, questions not affecting the jurisdiction of the court which convicted him, which were open to him in the original case, and, if properly presented then, could ultimately have come to this court upon writ of error. Unquestionably, if the trial court had exceeded its jurisdiction a prisoner held under its judgment might be discharged from custody upon a writ of *habeas corpus* by another court having the authority to entertain the writ, *Ex parte Lange*, 18 Wall. 163; *Ex parte Siebold*, 100 U. S. 371; *Ex parte Yarbrough*, 110 U. S. 651; *Ex parte Wilson*, 114 U. S. 417; though even in a case of this kind a court will sometimes refrain from releasing a prisoner upon writ of *habeas corpus*, and will remit him to his remedy by writ of error. *Riggins* v. *United States*, 199 U. S. 547; *Urquhart* v. *Brown*, 205 U. S. 179. But no court may properly release a prisoner under conviction and sentence of another court, unless for want of jurisdiction of the cause or person, or for some other matter rendering its proceedings void. Where a court has jurisdiction, mere errors which have been committed in the course of the proceedings cannot be corrected upon a writ of *habeas corpus*, which may not in this manner usurp the functions of a writ of error. *Ex parte Parks*, 93 U. S. 18; *Ex parte Siebold, supra*, 375; *Ex parte Yarbrough*, 110 U. S. 651, 653; *Ex parte Wilson, supra*, 421; *In re Delgado*, 140 U. S. 586; *United States* v. *Pridgeon*, 153 U. S. 48, 59, 63; *Andrews* v. *Swartz*, 156 U. S. 272, 276; *Riggins* v. *United States, supra; Felts* v. *Murphy*, 201 U. S. 123; *Valentina* v. *Mercer*, 201 U. S. 131.

These well-settled principles are decisive of the case before us. Disqualifications of grand jurors do not destroy the jurisdiction of the court in which an indictment is returned, if the court has jurisdiction of the cause and of the person, as the trial court had in this case. *Ex parte Harding*, 120 U. S. 782; *In re Wood*, 140 U. S. 278; *In re Wilson*, 140 U. S. 575. See *Matter of Moran*, 203 U. S. 96, 104. The indictment, though voidable, if the objection is seasonably taken, as it was in this case, is not void. *United States* v. *Gale*, 109 U. S. 65. The objection may be waived, if it is not made at all or delayed too long. This is but another form of saying that the indictment is a sufficient foundation for the jurisdiction of the court in which it is returned, if jurisdiction otherwise exists. That court has the authority to decide all questions concerning the constitution, organization and qualification of the grand jury, and if there are errors in dealing with these questions, like all other errors of law committed in the course of the proceedings, they can only be corrected by writ of error.

*Judgment affirmed.*