**UNITED STATES ex rel. CLARK v. MATHUES, U. S. Marshal.**

(District Court, E. D. Pennsylvania. January 18, 1927.)

No. M-51.

**1. Conspiracy ⬅43(5)—Averments of overt acts do not aid indictment insufficiently charging conspiracy.**

If indictment does not sufficiently charge conspiracy, it cannot be aided by overt acts set out.

**2. Criminal law ⬅242(4)—Habeas corpus ⬅30(2)—Indictment for conspiracy to violate Volstead Act held not so lacking that its sufficiency could be considered on warrant for removal of defendant or on habeas corpus (Comp. St. § 10138¼ et seq.).**

Indictment charging conspiracy to violate the Volstead Act (Comp. St. § 10138¼ et seq.), in that defendants would unlawfully possess, sell, transport, etc., held not so utterly lacking in charging an offense as take it out of the rule against considering its sufficiency on application for warrant of removal of a defendant to the district where indictment was found, or on his petition for habeas corpus.

Habeas Corpus. Proceeding on the relation of one Clark, against one Mathues, United States Marshal, heard with application for warrant of removal. Writ dismissed, and warrant issued.

J. Paul MacElree, of Philadelphia, Pa., for plaintiff.
George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The relator, after a hearing before Commissioner Long, was committed in default of bail to the custody of the marshal, pending an application to the court for a warrant of removal to the Northern district of Ohio, Eastern division, to answer to an indictment there found against him. Upon his petition, a writ of habeas corpus issued, and the application for warrant of removal and the habeas corpus were heard together. At the hearing before the commissioner, a certified copy of the indictment was offered in evidence, the identity of the defendant established to the satisfaction of the commissioner, and sufficient evidence produced to move the commissioner to find probable cause to require the defendant's appearance in the Northern district of Ohio.

It is conceded by the defendant's attorney that there is a single question to be considered, viz.: Is the indictment sufficiently definite, specific, and informative? The indictment charges Clark and four other defendants with a conspiracy "to commit an offense against the United States, to wit, to unlawfully, willfully, knowingly, and feloniously violate an Act of Congress of October 28, 1919, entitled 'An act to prohibit intoxicating beverages and to regulate the manufacture, production, use and sale of high-proof spirits for other than beverage purposes and insure an ample supply of alcohol and promote the use in scientific research and in the development of fuel, dye, and other lawful industries,' particularly title II thereof, the short title of which act of Congress is 'Na-

tional Prohibition Act,' and which act of Congress is commonly known as the 'Volstead Act,' in that they, the said defendants, would knowingly, willfully, and unlawfully, possess, sell, barter, transport, furnish, give away, deliver, dispose of, and keep distilled spirits and intoxicating liquor, to wit, whisky, which said whisky would then and there contain more than one-half of 1 per cent. of alcohol by volume, and would be fit for use for beverage purposes, otherwise than as authorized by and contrary to and in violation of the terms and provisions of the aforesaid act of Congress known as the National Prohibition Act."

[1] Certain overt acts are set out, which it is unnecessary to consider, because they cannot aid in support of the indictment, if conspiracy be not sufficiently charged. United States v. Britton, 108 U. S. 199, 2 S. Ct. 531, 27 L. Ed. 698; Pettibone v. United States, 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419; Rulovitch v. United States (C. C. A.) 286 F. 315.

[2] I think the question is narrowed down to a single proposition; that is, whether the indictment is so utterly lacking in charging an offense as to clearly take the case out of the general rule relating to the functions of the court on habeas corpus or application for warrant of removal, and bring it within some exception to the rule which has been adhered to by the courts with practical uniformity. The rule is that:

"The hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court. If the objections are sustained, or if the defendant is acquitted, he will be discharged. If they are overruled and he is convicted, he has his right of review. Kaizo v. Henry, 211 U. S. 146, 148 [29 S. Ct. 41, 53 L. Ed. 125]." Henry v. Henkel, 235 U. S. 219, 35 S. Ct. 54, 59 L. Ed. 203.

The insufficiency of the charge, and that is the sole basis of the defendant's contention, is therefore excluded from the consideration of the court on habeas corpus or upon warrant of removal. There may be extraordinary circumstances, which do not appear here; but ordinarily the court will not consider the writ of habeas corpus or the objections to a warrant of removal as the equivalent of a demurrer to an indictment.

The late Judge Orr, of the Western District of Pennsylvania, upon the ground that the function of the judge upon an application for warrant of removal is not merely ministerial but judicial (Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689; Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882), held an indictment quite similar to that in the instant case insufficient, in that it did not set forth which of the many offenses denounced by the Volstead Act (Comp. St. § 10138¼ et seq.), the accused had conspired to commit, and ordered the discharge of the defendants. While, if the indictment were in this court and the case were before me on demurrer or motion to quash, there would be strong grounds for finding the indictment insufficient upon persuasive authority (United States v. Dowling [D. C.] 278 F. 630; United States v. Eisenminger et al., 16 F.(2d) 816, recently decided by Judge Morris of the District of Delaware), I am of the opinion that the question of the sufficiency of the indictment before me is one for the court in which it was found to pass upon.

As it stands, it is a charge formally and duly presented by a grand jury in the Ohio court, and this court should not assume the functions of the court where the trial is to be had. I see no ground for taking it outside of the rule cited above and restated in Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759, Gayon v. McCarthy, 252 U. S. 171, 40 S. Ct. 244, 64 L. Ed. 513, and Stallings v. Splain, 253 U. S. 339, 40 S. Ct. 537, 64 L. Ed. 940. Upon the whole, it would be an intrusion upon the functions of the trial court for this court, upon habeas corpus or application for warrant of removal, to determine that the facts averred in the indictment obviously and palpably fail to establish that an offense against the United States is charged. United States v. Mathues (D. C.) 6 F.(2d) 149.

It is ordered that the writ be dismissed, and the relator remanded. A warrant of removal will be issued.