## DEAN v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
June 5, 1929.

No. 8186.

See, also, 30 F.(2d) 523.

Charles C. Madison, of Kansas City, Mo., for appellant.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl.

Before STONE, Circuit Judge, and FARIS and SANBORN, District Judges.

SANBORN, District Judge. This is an appeal from an order denying an application for a writ of habeas corpus. The appellant was indicted by a grand jury called for the special March, 1927, term of the United States District Court for the Northern District of Oklahoma, was sentenced on the 25th day of February, 1928, and committed on the 3d day of March, 1928, to the Washington county jail at Bartlesville, Okl. His claim is that no order or notice for the holding of this special term, at which the indictment was returned, was made or given as required by law, and that the indictment and all proceedings had by virtue of it are absolutely void.

Section 11 of the Judicial Code (section 15, title 28, USCA) provides that "a special term of any District Court may be held at the same place where any regular term is

*Rehearing denied September 23, 1929.

held, or at such other place in the district as the nature of the business may require, and at such time and upon such notice as may be ordered by the District Judge."

The showing which the appellant made in connection with his application for the writ consisted of a certified copy of the journal of the court for the 7th day of March, 1927, which showed the adjournment of the regular January term sine die, and the convening of the special March, 1927, term. The journal recites that on the 7th day of March, 1927, the court "sitting in special March session, at Tulsa, Oklahoma, met pursuant to adjournment," and also recites: "Public proclamation having been duly made the following proceedings were had and entered, to wit:" [Then follow the proceedings of the first day of the term.] There was attached to the application a certificate of the clerk that there was no other order directing or convening the special March, 1927, term, outside of the order made by the court on the 7th day of March, 1927, which order was made direct from the bench by the court. The brief of the appellee indicates that the clerk was probably mistaken in making this certificate, and that an order for the special term had been made on February 24, 1927, which order provided that notice should be given by spreading the order upon the court records. However, this order was not made part of the application and is not a part of the record before us.

It is very doubtful whether the showing made by the appellant in connection with his application for the writ overcame the usual presumption of regularity of court proceedings. See Lewis v. United States, 279 U. S. 63, 49 S. Ct. 257, 73 L. Ed. ——. But, arguendo, it may be assumed that the application and the exhibits attached affirmatively show that the irregularities complained of in calling the term occurred.

The trial court was given no opportunity to pass upon the regularity of the proceedings pursuant to which the special term was held. There was no challenge to the grand jury; no writ of prohibition was sought to prevent the court or the grand jury from functioning at the special term; there was no motion to quash the indictment, no proceedings in abatement, no motion in arrest of judgment; and, from all that appears, the appellant walked into court, entered a plea of guilty to an indictment which upon its face was valid and regular, went to jail, and then for the first time concluded that he was unlawfully in custody, because of the alleged informality in the calling of the special term.

There are two reasons why the application for the writ was properly denied. The appellant could not take advantage of the irregularities in the calling of the term and the impaneling of the grand jury by habeas corpus. It has been repeatedly held that habeas corpus is not a substitute for appeal. One of the last cases in this circuit calling attention to that fact is Barlos v. White, 27 F. (2d) 313, 314. There it is said:

"No demurrer or motion was filed to the indictment, and its sufficiency was in no way questioned. The charges were not colorless or impossible, and every question here presented as to any of the counts of the indictment could have been presented and determined in the trial court. That court had jurisdiction of defendant and of the alleged offense. The sentence was not beyond its power. The petitioner is not restrained of his liberty in violation of the law. This is merely another of the numerous cases in which the effort is made to substitute habeas corpus for writ of error."

The following statement in Knewel v. Egan, 268 U. S. 442, 446, 45 S. Ct. 522, 524 (69 L. Ed. 1036), is applicable to this case:

"It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved."

In Harlan v. McGourin, 218 U. S. 442, 451, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849, an attempt was made by habeas corpus to have the court determine that a grand jury was improperly impaneled. The court said:

"It is next objected that the order for the impaneling of the grand jury was made by a judge of the Circuit Court for the Fifth Circuit [180 F. 119], who, although within his circuit, was not within the district where the court was located when the trial was had. If there were otherwise merit in this objection, it certainly could not be made on habeas corpus. Such objections must be made by proper pleas filed in the court of original jurisdiction. Kaizo v. Henry, 211 U. S. 146, 149 [29 S. Ct. 41, 53 L. Ed. 125]."

Quoting from Kaizo v. Henry, supra:

"That court has the authority to decide all questions concerning the constitution, organization and qualification of the grand jury, and if there are errors in dealing with these questions, like all other errors of law committed in the course of the proceedings, they can only be corrected by writ of error."

The second reason justifying the denial of the writ is that it sufficiently appears that the special March, 1927, term was a de facto term, if not a de jure one, and that all things done at that term were valid and binding. The proposition that the failure to spread an order calling a special term upon the court records, or to give notice of it in some other way, when in every other respect the special term was held in the usual and customary manner, must result in the release of one who subsequently pleads guilty to or is convicted of a charge contained in an indictment returned at such special term, is opposed to reason and common sense. The appellant expresses some apprehension that his conviction under this indictment may not be a bar to his again being tried for the same offense. There are no grounds for any uneasiness on that score.

In People ex rel. Childs v. Extraordinary Trial Term of Supreme Court et al., 184 App. Div. 829, 833, 171 N. Y. S. 922, page 925, where the same question as is attempted to be presented here was raised, Judge Page said:

"Where a court is held by a judge authorized to hold it, and at a place where the court legally could be held, it is a de facto court, although it was defectively organized so that it was not a de jure court. As with all other de facto bodies or officers, the acts done, the things accomplished, upon the principles of policy and justice, will be held valid and binding. But such a court, body, or officer may by appropriate proceedings be prohibited in advance from exercising the powers that should only be exercised by a court, officer, or body de jure. The writ of prohibition is the appropriate remedy to prevent the acts of a court that may be such de facto, but is not de jure [citing cases]. Upon the ground that the court so far held at this Extraordinary Term was a de facto court, I agree with Presiding Justice Clarke that the grand jury summoned by it was a de facto grand jury and the indictments found by it are valid, and that none of the formal court proceedings heretofore had can be successfully challenged."

See, also, Burt v. Winona & St. Peter R. Co., 31 Minn. 472, 18 N. W. 285, 289; State ex rel. Bales v. Bailey, 106 Minn. 138, 118 N. W. 676, 19 L. R. A. (N. S.) 775, 130 Am. St. Rep. 592, 16 Ann. Cas. 338; Brewer v. State, 6 Lea (Tenn.) 198; 15 C. J. 874; McDowell v. United States, 159 U. S. 596, 16 S. Ct. 111, 40 L. Ed. 271.

The order denying the writ of habeas cor-

pus is affirmed, and it is ordered that, upon the coming down of the mandate in this case, the defendant, who is now at large upon supersedeas, forthwith surrender himself to complete the execution of the sentence imposed upon him.