**UNITED STATES ex rel. KRANZ v. HUMPHREY, Warden.**

**No. 9786.**

United States Court of Appeals
Third Circuit.

Submitted Jan. 21, 1949.

Decided April 13, 1949.
Writ of Certiorari Denied June 20, 1949.

See 69 S.Ct. 1508.

Appellant pro se.

Arthur A. Maguire, U. S. Attorney, Scranton, Pa., Charles W. Kalp, Asst. U. S. Attorney, Lewisburg, Pa., for appellee.

Before GOODRICH, McLAUGHLIN, and O'CONNELL, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a petition for habeas corpus.[1]

Appellant with six other persons was indicted October 5, 1943 in the United States District Court for the District of New Jersey for conspiracy to violate the Espionage Act of 1917[2] by unlawfully disclosing information affecting the National Defense. He was tried and convicted of this and on January 5, 1944 was sentenced to the custody of the Attorney General for eight years. He is at present confined in the United States Penitentiary, Lewisburg, Pennsylvania.

Appellant's main contentions on this appeal are: (1) That a statement obtained from him by Federal Bureau of Investigation agents was so obtained under conditions amounting to duress; and (2) that the crime for which he was indicted was not within the jurisdiction of the United States District Court for the District of New Jersey.

Appellant's statement was before the Grand Jury. It was not admitted into evidence at the criminal trial. The lower court found that the statement was voluntary and there is ample evidence to support such finding. But even if it had been involuntary, the question cannot be raised for the first time in a habeas corpus proceeding. Chadwick v. United States, 5 Cir., 170 F.2d 986; Dorsey v. Gill, 80 U.S.App. D.C., 148 F.2d 857, 876; Kaizo v. Henry, 211 U.S. 146, 29 S.Ct. 41, 53

[1] A previous petition for habeas corpus "on grounds which should have been raised, if at all, on appeal" was denied in Kranz v. Hiatt, D.C.M.D.Pa., March 27, 1947, affirmed p. c. 163 F.2d 1018.

[2] Act of June 15, 1917, chapter 30, section 2, 40 Stat. 218 [now 18 U.S.C.A. § 794].

L.Ed. 125; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann. Cas. 849.

■ The jurisdictional point consists principally of a vague complaint concerning the conduct of the conspiracy trial, particularly regarding the credibility of two of the witnesses who testified and inferences sought to be drawn from the fact that another named person did not testify. That appellant's participation in the conspiracy may have been outside the District of New Jersey is of no consequence. Six of the overt acts set forth in the indictment were clearly alleged to have taken place in New Jersey and appellant's own brief though disputing their importance shows that there was evidence in the case of such acts or some of them. There are loose references to various other matters. These have been examined and found lacking in any substance. For example, a remark of the trial court is characterized as prejudicial. This latter with other possible appeal questions had been before the court and disposed of in the first habeas corpus proceeding above referred to.

■ Finally, appellant asserts that he has never been given a copy of the stenographer's transcribed notes of the testimony in accordance with what he says was the order of the New Jersey District Court. There is no such order in the record before us. Other than appellant's statement in his brief there is not the slightest indication that such an order was ever made. Whatever may be the fact as to this, no harm resulted to appellant because, as stated by the lower court in its order of August 24, 1948 disposing of his motion to require appellee to produce and furnish him with certified copies of the trial record of Criminal case No. 2018c, United States v. Kranz, etc., "at the hearing on the petition all portions of the record, material or pertinent to the question involved, were offered into evidence by the respondent and duly considered by the Court. There is nothing in this proceeding which would require the production of any other portion of the record."

The order of the District Court will be affirmed.