Ralph Verlin **LEEDY**

v.

**J. Ellis OVERLADE, as Warden of the Indiana State Prison.**

No. 1949.

United States District Court
N. D. Indiana, South Bend Division.

Nov. 22, 1955.

James C. Cooper, Public Defender, Rushville, Ind., for petitioner.

Edwin K. Steers, Atty. Gen., Carl M. Franceschini, Deputy Atty. Gen., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding submitted to the court on the petition and the return and answer of the respondent, with the only evidence offered by the petitioner consisting of the transcript of the record on appeal from the Whitley Circuit Court of Whitley County, Indiana, the briefs filed in the Supreme Court of Indiana and the petition for rehearing.

As the findings of fact and conclusions of law will appear in this opinion it will be filed and will serve as such.

The petition alleges that the judgment of the Whitley Circuit Court is void because it is in violation of the Fourteenth Amendment to the Constitution of the United States for the reason that the grand jury returning the indictment under which the petitioner was prosecuted was illegally constituted because

1. The names of the grand jurors were not drawn at the time specified by the statutes.

2. The names of the grand jurors were not drawn pursuant to a written order duly entered and properly posted as required by the statutes.

3. The venire was not ordered or issued by the Whitley Circuit Court, nor was any return made of such proceeding.

4. The jury commissioners appointed did not appear and take oath of office in open court.

5. No oath of office was entered of record in the court's order books.

6. The court did not instruct the jury commissioners concerning their duties.

and for the further reason that the petitioner's conviction was affirmed by the

Supreme Court of Indiana under a statute which is unconstitutional.

■ As to the allegations of the petition concerning the selection of the grand jurors and the organization of the grand jury, it may be observed that the petitioner offered no evidence whatsoever in support thereof. The only evidence in the record discloses that the grand jury returning the indictment was duly and legally impanelled; that the indictment adequately, sufficiently and legally charged the offense which the petitioner was called upon to meet and that he was given a fair and impartial trial. This is not only the undisputed evidence but the petitioner admits that the indictment was sufficient as against a motion to quash and that he was given a fair and impartial trial. In the absence of any evidence to prove the allegations of the petition which are denied, this court has no alternative but to deny the petition. However, if this court could infer from the evidence that the facts stated by the petitioner in his plea in abatement are admitted by the demurrer thereto filed, a question which this court does not now decide, it would not aid the petitioner because the Supreme Court of the United States has unconditionally held that all questions concerning the constitution, organization and qualification of the grand jury must be decided by the trial court and if there be any errors committed in dealing with such questions they can only be corrected by writ of error on direct appeal and cannot be raised in a habeas corpus proceeding which is a collateral attack upon the judgment. Keizo v. Henry, 1908, 211 U.S. 146, 29 S.Ct. 41, 42, 53 L.Ed. 125.

■ This court judicially knows that the Whitley Circuit Court is a court of general jurisdiction and did have jurisdiction of the cause and of the person of the petitioner. If the facts alleged by the petitioner were all proven by a preponderance of the evidence or even admitted by the respondent to be true, the indictment under which the petitioner was prosecuted was not void but only voidable. Where a court has jurisdiction, mere errors which have been committed in the course of the proceedings cannot be corrected upon a writ of habeas corpus because no court may properly release a prisoner under conviction and sentence of another court under such circumstances.

As the Supreme Court of the United States held in Keizo, supra:

"Disqualifications of grand jurors do not destroy the jurisdiction of the court in which an indictment is returned, if the court has jurisdiction of the cause and of the person, as the trial court had in this case. (Citing authorities.) The indictment, though voidable, if the objection is seasonably taken, as it was in this case, is not void. (Citing authority.) The objection may be waived, if it is not made at all or delayed too long. This is but another form of saying that the indictment is a sufficient foundation for the jurisdiction of the court in which it is returned, if jurisdiction otherwise exists. That court has the authority to decide all questions concerning the constitution, organization, and qualification of the grand jury, and, if there are errors in dealing with these questions, like all other errors of law committed in the course of the proceedings, they can only be corrected by writ of error."

■ Therefore, this court does now hold that under the evidence in the record there has been a failure of the petitioner to prove the allegations of his petition pertaining to any illegality in the constitution, organization or qualification of the grand jury and even if such proof had been made the petition would have to be denied because such could not be successfully made the basis of an attack upon the judgment of the Whitley Circuit Court in habeas corpus proceedings in this court.

As to the question of the constitutionality of the statute under which the judgment of the Whitley Circuit court was affirmed by the Supreme Court of Indi-

ana, counsel for the petitioner admits that this section is constitutional as to civil litigation. If that be true then the most that can be said for the petitioner is that the Supreme Court of Indiana had no right to apply the statute in an appeal in a criminal case, a question which this court does not decide because it is self-evident that such a decision would be unnecessary. However, and this is pure dicta on the part of this court, if the petitioner is correct in his contention that the statute has been misapplied by the Supreme Court of Indiana in his case, the Supreme Court has never decided his appeal and he could make application under Rule 2–26 of the Rules of the Supreme Court of Indiana for advancement of his appeal on the docket and the Supreme Court could then decide the questions raised by him on direct appeal.

The petition is denied and the petitioner is remanded to the custody of the respondent.

The clerk is ordered to enter judgment accordingly.