William Howard DUNN, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13028.

United States Court of Appeals
Sixth Circuit.

June 25, 1957.

William Howard Dunn, in pro. per.
Edward N. Vaden, Asst. U. S. Atty.,
Memphis, Tenn. (Warren Olney, III,
Asst. Atty. Gen., Millsaps Fitzhugh, U.
S. Atty., Memphis, Tenn., on the brief),
for appellee.

Before SIMONS, Chief Judge, and
ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant filed this proceeding under
the provisions of Section 2255, Title 28,
U. S. Code, to vacate sentence imposed
upon him in the U. S. District Court.
The District Judge declined to entertain
the same because of the numerous pro-
ceedings previously filed by the appellant
seeking similar relief, and also ruled
that even if the proceeding was enter-
tained by him the appellant was not
entitled to a hearing because the matters
complained of should have been taken up
by direct appeal. The proceeding was
dismissed, followed by this appeal.

The previous proceedings are set out
in Dunn v. United States, 6 Cir., 234 F.
2d 219, in which we affirmed similar ac-
tion on his part in a previous proceeding
under Section 2255, Title 28, U.S.Code.
See also: Dunn v. United States, 6 Cir.,
238 F.2d 908, in which we affirmed an
order of the District Court denying ap-
pellant's motion for a writ of error coram
nobis.

Appellant contends that his present
proceeding raises new issues, on which
he is entitled to a hearing regardless of
his numerous unsuccessful efforts in
prior proceedings. Price v. Johnston,
334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed.
1356.

The grounds relied upon in the present
proceeding are (1) that unauthorized
persons were allowed to be in the grand
jury room when the indictment was
returned, (2) that the Government know-
ingly employed perjured testimony to
convict appellant, and (3) that he was
prevented from having essential witness-
es present by being threatened with tor-
ture and death. Appellee contends that
the third ground was relied upon by the
appellant and rejected by the Court in
previous proceedings, but admits in its
brief that this is the first time appellant
has relied upon grounds 1 and 2. With

respect to grounds 1 and 2, it contends that in view of the history of this case, the length of time elapsing since the trial, the obvious lack of merit in the contentions, and the opportunity to present them in prior proceedings and failure to do so, the present proceeding is an abuse of judicial process justifying the Court in the exercise of its discretion in refusing to entertain the proceeding.

■ We are of the opinion that the record before us indicates, in the absence of a satisfactory explanation by appellant, an abuse of judicial process on the part of the appellant justifying dismissal of the proceeding. But this issue has not been raised in this proceeding by a pleading or response to appellant's application as required by Price v. Johnston, supra. And notwithstanding the Government's statement by brief that the contentions are obviously without merit, there is no pleading putting the factual allegations in issue. For the purpose of this appeal such allegations in appellant's application must be accepted.

■ It may be, as matter of law, that appellant's first contention cannot be presented in this proceeding, Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982; Kaizo v. Henry, 211 U. S. 146, 149, 29 S.Ct. 41, 53 L.Ed. 125, and that the District Court was justified in refusing to consider appellant's third contention because of a previous ruling on the same issue. But, if appellant's second contention presents a new issue for the first time, and the factual allegations with respect thereto are not denied, and no defensive plea in the nature of abuse of judicial process is interposed, under the ruling of the Supreme Court in Price v. Johnston, supra, 334 U.S. 266, 289–294, 68 S.Ct. 1049, 92 L.Ed. 1356, the District Court was in error in dismissing the proceeding without a hearing.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.