James A. GRAGG, 231 84 3721, Corporal (E–4), U. S. Marine Corps, Petitioner,

v.

UNITED STATES, Respondent.

Miscellaneous Docket No. 80–12.

U. S. Navy Court of Military Review.

4 Nov. 1980.

---

LT Patrick A. Fayle, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF

EDWARDS, Judge:

Petitioner comes before this Court in search of extraordinary relief under the authority of the All Writs Act, 28 U.S.C. § 1651(a), seeking to be released from confinement. Appellant, in principal reliance on *United States v. Heard*, 3 M.J. 14 (C.M.A. 1977), and *United States v. Larner*, 1 M.J. 371 (C.M.A. 1976), and distinguishing *Hart v. Kurth*, 5 M.J. 932 (N.C.M.R. 1978), asks this Court to:

(1) Give effect to the military judge's ruling in the case at bar, to wit, that Petitioner be given four months credit on

his adjudged sentence to confinement at hard labor; and

(2) To order the immediate release of Petitioner from confinement.

Appellant's Petition at 1.

Petitioner was tried by general court-martial, military judge alone, on 17 December 1979, 21 January 1980, and 26 and 27 February 1980. He was tried for the attempted murder of another Marine by stabbing him in the chest with a knife in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880. He was found guilty, contrary to his plea, of assault in which grievous bodily harm was inflicted in violation of Article 128, UCMJ, 10 U.S.C. § 928. Petitioner was sentenced to a bad-conduct discharge, confinement at hard labor for 14 months, total forfeitures, and reduction from pay grade E–4 to E–1. The convening authority approved the sentence on 1 May 1980. On 16 October 1980, petitioner filed for extraordinary relief asking this Court to issue a Writ of Habeas Corpus. This Court issued a Show Cause Order on 21 October 1980. After receipt of the Government's answer to the Show Cause Order on 28 October 1980, oral argument was heard on 29 October 1980 and a Court Order was issued that date denying the petition with the Senior Judge dissenting, noting that full written opinions would follow.

A brief statement of the pertinent facts will suffice. After the judge found petitioner guilty of the lesser-included offense of assault in which grievous bodily harm was intentionally inflicted but prior to sentencing, the defense moved that the period of pretrial confinement be found illegal and that the military judge direct administrative credit for this period. While not stated, the motion appears to be in the form of a Motion to Grant Appropriate Relief. Paragraph 69, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). While not raised before the plea was entered or prior to the conclusion of any Article 39(a) session held prior to assembly, it is obvious that the military judge, as was within his discretion, chose to entertain the motion. The prosecution presented evidence in support of the

legality of the pretrial confinement after which argument was heard. The military judge then made the following ruling and comments:

MJ: . . . I do not find, in this case, that the pretrial confinement was illegal. I nevertheless direct that administrative credit be given for the approximately 120 days which the accused served in pre-trial confinement. All right?

TC (Brown): Yes, sir.

MJ: So, the practical results of my ruling here is that the accused will be credited with the pretrial confinement, but I do not find that the confinement was illegal. I find that it was lawfully imposed.

TC (Brown): Your honor, the government may be a little confused. Will you grant administrative credit on your sentence, or are you directing that administrative credit be given?

MJ: I'm directing that administrative credit be given. I will consider the pretrial confinement on my sentence, but I am directing that the Convening Authority grant the administrative credit.

(R. 219).

Subsequent to announcing sentence, the following colloquy ensued:

CC: Your honor, I do have a matter. Just briefly sir, to, understand your matter in regard to crediting pretrial confinement. As I understand, Your Honor, that 14 months, the amount he has served will be credited.

MJ: Comes off the 14 months. If there is nothing further from counsel for either side, this court can adjourn.

(R. 227).

In his post-trial review, the staff judge advocate addressed the military judge's order directing administrative credit for the pretrial confinement:

The military judge made a finding that the approximately 120 days of pretrial confinement was legal but nevertheless directed that administrative credit be given therefor. [R/T 219]. I am unable to find any authority for such an order and am therefore of the opinion that no administrative credit need be given. How-

ever, you may, if you wish, credit the accused with time served in pretrial confinement in determining which amount of the sentence, if any, you will approve. (SJAR at 6, paragraph III). The convening authority then approved the sentence as adjudged. Petitioner was confined on 27 February 1980 immediately after trial and is still in confinement. If the convening authority had credited the pretrial confinement, considering good time earned, petitioner would have been released from confinement around 5 October 1980.

Petitioner in his brief argues that by approving the sentence as adjudged, the convening authority implicitly approved the entire sentence which included four months administrative credit for the period petitioner spent in pretrial confinement. He then argues in the alternative that if this Court does not find the implicit approval of the four months administrative credit in the sentence, then the convening authority impermissibly approved a sentence which was more severe than imposed, or that the military judge impeached his sentence, that is, the portion of his adjudged sentence to confinement at hard labor for 14 months, since by directing administrative credit for pretrial confinement served, the military judge was in conflict not only with the sentence adjudged but with his prior ruling on the pretrial confinement issue.

The Government has characterized the issue as "whether the Petitioner is being lawfully confined" and argues that, "The petitioner is being lawfully confined because the military judge does not have authority to order day-for-day administrative credit for pretrial confinement."

The legality of the pretrial confinement has not been contested in pursuit of a writ. Against this backdrop, we will address the case.

## I

 The first question to be answered is whether this Court has jurisdiction to entertain the petition for a Writ of Habeas Cor-

pus under the All Writs Act, 28 U.S.C. § 1651(a). Petitioner's case has been forwarded for review by this Court pursuant to Article 66, UCMJ. This Court has extraordinary writ power in aid of its jurisdiction. *Dettinger v. United States*, 7 M.J. 216 (C.M.A. 1979); *Ward v. Carey*, 4 M.J. 298 (C.M.A. 1978); *Kelly v. United States*, 1 M.J. 172 (C.M.A. 1975).

 Whether to exercise the authority to issue a Writ of Habeas Corpus is another question. The exercise of the writ is, *inter alia*, for the purpose of obtaining relief from illegal confinement. The Great Writ is one which is exercised with great judicial restraint. It is not a substitute for normal review and will not address errors committed by a court within its jurisdiction. *Keizo v. Henry*, 211 U.S. 146, 29 S.Ct. 41, 53 L.Ed. 125 (1908). Its use is to determine whether the judgment under which the petitioner is restrained is void. *Ex parte Lamar*, 274 F. 160 (2nd Cir. 1921). The United States Supreme Court, in *Goto v. Lane*, 265 U.S. 393, 401, 44 S.Ct. 525, 527, 68 L.Ed. 1070 (1924), has held that:

> The instances in which it is granted, when the law has provided another remedy in regular course, are exceptional and usually confined to situations where there is a peculiar and pressing need for it or where the process or judgment under which the prisoner is held is wholly void.

The primary question in a habeas corpus proceedings is one of jurisdiction: Does the judgment causing the incarceration come within the lawful authority of the court or officer who made it? *Henry v. Henkel*, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203 (1914). It is in this context which we will review the petition before us.

## II

If the sentence to confinement beyond 5 October 1980 is void then there is no question that the writ should be issued for there would be a peculiar and pressing need for the writ and the action under which petitioner is held is wholly void.[1]

---

1. If the judge had held the pretrial confinement to have been illegal, directed day-for-day credit be given for the illegal pretrial confinement and

the convening authority had not done so in his action, a Writ of Habeas Corpus would have been the proper relief.

In the case *sub judice* the military judge, after finding the pretrial confinement legal, directed that credit be given for the period of pretrial confinement. This gives rise to the central issue cited by Government counsel as to whether the military judge has the authority to order day-for-day credit for legal pretrial confinement.

■ The general court-martial in this instance was convened by the convening authority under the power granted him by Article 22, UCMJ, 10 U.S.C. § 822. The court was assembled by the military judge in consonance with powers granted him under paragraph 61*j*, MCM. The trial proceeded in accordance with granted authority. We must examine the action of the military judge in directing credit for pretrial confinement in light of his authority, noting that military courts are not Article III, U. S. Constitution, courts; instead, they are creatures of the legislature whose authority is limited by statute, regulation and decisional law. *See Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *Parisi v. Davidson*, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); *Ex Parte Quirin*, 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3 (1942); *Dynes v. Hoover*, 20 How. (U.S.) 65, 15 L.Ed. 838 (1858); *Reilly v. Pescor*, 156 F.2d 632 (8th Cir. 1946); *Sima v. United States*, 96 F.Supp. 932 (Ct.Claims 1951). *See generally* 54 Am.Jur.2d *Military, and Civil Defense* § 218 (1971); 6 C.J.S. *Armed Services* § 158 (1975). It follows from this that military judges have only such powers as are expressly granted them by statute, regulation or decisional law. *See, e. g. United States v. Phillips*, 7 M.J. 955, 957 n.2 (A.F.C.M.R. 1979).

■ The powers granted to the military judge concerning sentence are limited to the awarding of the sentence in cases tried by military judge alone and are limited to specific jurisdictional limits depending upon the offense and the type of court. As to powers over the post-trial aspects of the sentence, none has been granted to the military judge by statute or regulation. By statute and regulation the power to modify sentences has been reserved to the convening authority, the supervisory authority in sentences as approved by the convening authority which include a bad-conduct discharge and the Courts of Military Review. Articles 64, 65 and 66, UCMJ, 10 U.S.C. §§ 864, 865 and 866; *United States v. Stene*, 7 U.S.C.M.A. 277, 22 C.M.R. 67 (1956). By way of decisional law as well as regulation, the power of the military judge to recommend that the convening authority follow certain courses in respect to the sentence adjudged has been approved. Paragraph 77*a*, MCM; *United States v. Occhi*, 2 M.J. 60 (C.M.A. 1976); *United States v. Doherty*, 5 U.S.C.M.A. 287, 17 C.M.R. 287 (1954); *United States v. Rector*, 49 C.M.R. 117 (N.C.M.R. 1974). Decisional law has also granted the "power" to the military judge to order day-for-day administrative credit for illegal pretrial confinement. *United States v. Larner, supra*. Yet we must look at this power in the context of the judge's authority in entering a judgment of conviction. In both *United States v. Marshall* and *United States v. Occhi*, the Court of Military Appeals had occasion to address the effects of a military judge's pronouncement affecting the post-trial effect of a sentence. As they discussed the question in *United States v. Occhi* :

Neither a law officer, under the older provision of the Code, nor a military judge, under the newer provision, enters a judgment of conviction. The Court recently held in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), unlike the Federal civilian criminal justice system, the legal effect of a court-martial sentence depends upon the action of the convening authority rather than that of the trial court. As noted by the Court in *Dunlap*, "In military law, the ultimate legal effect of the findings of guilty determined by the court-martial and the sentence imposed by it depends

upon the action of the convening authority." *Id.* at 137. Indeed, as we held in *Marshall*, the power to execute a sentence does not lie with the trial court or military judge.

*Id.* at 62 (footnote omitted.)

The statement by the military judge directing that credit be given for legal pretrial confinement is certainly not self-executing in light of a lack of statutory authority and previous case law. It therefore follows that for the direction of the military judge to have effect, even in those instances in which case law has given him the authority to determine that pretrial confinement was illegal and to direct the granting of administrative credit for the number of days served illegally in pretrial confinement, the convening authority must so state in his action. The convening authority may approve the sentence or such part or amount of the sentence as he finds correct in law and fact and as he in his discretion determines should be approved. Article 66, UCMJ.

■ The court convened and assembled by the military judge had *in personam* and subject matter jurisdiction. The findings were within those permitted of the court. The sentence of the court awarding 14 months confinement at hard labor was within the jurisdictional maximum of the court. The convening authority in acting upon the sentence was not bound by law to follow the direction of the military judge to give credit for legal pretrial confinement. He did not so direct. His action was correct in law and fact and therefore was not void.

As the military judge did not have any power to direct credit for pretrial confinement, it also follows that the convening authority did not impermissibly approve a sentence which was more severe than imposed; nor did his approval of the sentence as adjudged implicitly approve the direction of the military judge to give credit for the legal pretrial confinement. The sentence to

incarceration as approved was not void but was subject to possible correction in the regular course of appellate review.

### III

■ The question as to whether or not the military judge impeached his sentence requires that we look to see the effect of such error. The remedy for an impeachment of sentence by a military judge is either a rehearing on the sentence or reassessment. *See, e. g. United States v. Rector, supra.* It follows that an impeached sentence is not void. The review of an impeachment of sentence is available in the normal course of review and is not so extraordinary as to require the cure by a Writ of Habeas Corpus.

The petitioner has failed to show why a Writ of Habeas Corpus should lie in this case. Issues perceived can be addressed in the normal course of review. Accordingly, the petition for extraordinary relief is denied.

Judge PRICE concurs.

BAUM, Senior Judge (dissenting):

Petitioner seeks extraordinary relief in the nature of a Writ of Habeas Corpus, praying that this Court order his immediate release from confinement. I would grant that relief.

On the 27th of February 1980, a military judge sitting as a general court-martial sentenced this petitioner to, among other things, 14 months confinement at hard labor. In the process, he ordered that petitioner be administratively credited with 120 days pretrial confinement, which the judge had found to be lawfully imposed. Compliance with the judge's order for confinement credit, assuming no forfeiture of good time earned at the rate of 6 days per month, would have resulted, according to petitioner, in his release from confinement on 5 October 1980.[1] Release was not effected on

---

1. Petitioner has arrived at this release date by using the formula established in *United States v. Larner*, 1 M.J. 371 (C.M.A. 1976). He has backdated the commencement of adjudged confinement to 27 October 1979 and then has computed good time for 14 months at 6 days per month, resulting in a release date of 5 October 1980.

that date and petitioner remains in confinement, presumably because the convening authority failed to further implement the judge's order upon approving the sentence as adjudged. In this regard, the convening authority's staff judge advocate offered the following advice:

The military judge made a finding that the approximately 120 days of pretrial confinement was legal but nevertheless directed that administrative credit be given therefor. (R/T 219). I am unable to find any authority for such an order and am therefore of the opinion that no administrative credit need be given. However, you may, if you wish, credit the accused with time served in pretrial confinement in determining which amount of the sentence, if any, you will approve.

Government counsel argues that the staff judge advocate's advice was correct and that a military judge does not have the authority to direct administrative credit for *lawful* pretrial confinement. He further asserts that the judge's order would have effectively precluded the convening authority from exercising his discretionary powers in clemency matters under Article 71(a), Uniform Code of Military Justice, 10 U.S.C. § 871(a), and paragraph 88*b, Manual for Courts-Martial, 1969 (Rev.)* (MCM). I disagree.

I see no infringement upon the convening authority's clemency powers by the judge's order. The convening authority retained his unlimited and unfettered discretion with respect to exercising clemency. The judge placed no restrictions on the convening authority in this regard. As is always the case, however, the convening authority's action was limited to the precise sentence imposed by the court. The convening authority could approve, disapprove, reduce, suspend or give further confinement credit to the sentence adjudged but he could not increase that sentence in any manner. As I see it, the sentence that the convening authority was confronted with when he took his action included credit for approximately 4 months pretrial confinement and he could not take that credit away without thereby unlawfully increasing the sentence.

Furthermore, the proscriptions of paragraph 67*f*, MCM, are pertinent here. According to that paragraph a convening authority may not direct the military judge to reconsider a ruling on a motion to grant appropriate relief. That certainly means a convening authority cannot change or countermand a judge's ruling on such a motion. *See generally United States v. Ware*, 1 M.J. 282 (1976). Here, the judge granted confinement credit as part of his ruling on what was essentially a motion for appropriate relief. Accordingly, I do not believe the convening authority could interfere with that ruling under the terms of paragraph 67 *f*.

The Government contends that the confinement credit was a nullity because the judge had no authority to order it when he determined that the underlying pretrial confinement was lawful. Government counsel reaches this conclusion from his interpretation of *United States v. Larner*, supra, and *Hart v. Kurth*, 5 M.J. 932 (N.C. M.R. 1978). I conclude otherwise from my reading of those cases. In *United States v. Larner*, it was determined that the accused had been unlawfully confined prior to trial. The Court of Military Appeals was confronted then with the question of what the proper remedy would be for illegal pretrial confinement. In answering that question, the Court established a new and specific action to be taken by trial courts and reviewing authorities when faced with unlawful pretrial confinement. The remedy in such a situation is to direct day-for-day administrative credit for time spent in unlawful detention, after first determining the appropriate sentence based on all the circumstances of the case. In *Hart v. Kurth*, supra, this Court had to decide whether a military confinee is entitled to day-for-day sentence credit for lawful pretrial incarceration as a matter of right under the terms of the Federal Bail Reform Act, 18 U.S.C. § 3658. That statutory provision entitles civilian Federal prisoners to credit for each day spent in custody in connection with the offense for which the

sentence is imposed, irrespective of whether the pretrial restraint is lawful or unlawful. This Court found that military prisoners are excluded from the provisions of that statute and are, thus, not entitled to confinement credit as a matter of right. The Government concludes from these cases that credit for pretrial confinement may be ordered by a military judge only in those instances when the confinement prior to trial is unlawful. The Government perceives these decisions as precluding a judge from ordering credit for confinement that is lawful.

I view the cases differently. I see one as setting forth a specific instance when confinement credit *must* be given and the other as establishing that it will not be credited in every instance as a matter of law, but I do not read anything more restrictive into these decisions. I see neither opinion as placing a limit on the military judge's ability to give confinement credit under other circumstances which he determines to be appropriate. This matter was not addressed in either opinion but the same rationale that was used in *Larner* to justify the conclusion that administrative credit is the only "fully adequate remedy for an accused who finds that the time he spent confined prior to trial was imposed upon him unlawfully,"[2] leads me equally to the conclusion that such credit may be the only fully adequate remedy in other situations involving pretrial restraint, as determined by the sentencing or reviewing authorities. When viewed in this light, I see *Larner* as creating a new procedure or tool for righting wrongs that may result from pretrial confinement and not necessarily limited to legal wrongs. A judge may find the pretrial confinement lawfully imposed under strict legal standards but upon applying a more subjective standard may believe that the accused should not have been locked up and that the confinement, while lawful, was wrong under all the circumstances of the case. In such a situation, I believe the judge should have the discretion to use this new procedural tool and give administrative credit for the pretrial confinement if he

considers credit to be the only fully adequate remedy.

I do not believe it was intended by the Court in *Larner* to restrict the use of this new procedure to only one situation—where the pretrial confinement is found to be unlawful. I find implicit authority for its use whenever it is deemed appropriate by either sentencing or reviewing authorities. I can see no reason to limit its use, particularly when viewed against the federal rule for civilians that *requires* a crediting in *every instance*. Furthermore, it seems to me eminently good policy for sentencing and reviewing authorities to have unlimited use of the ability to credit for pretrial confinement in a system that does not permit bail for those confined prior to trial. Accordingly, in light of my reading of *United States v. Larner* and *Hart v. Kurth,* I believe the law to be as follows: while credit for pretrial confinement is not provided automatically in every case, it *must* be ordered when the incarceration is illegal and *may* be ordered by sentencing and reviewing authorities in all other instances as deemed appropriate.

As a separate matter, much has been made in the instant case of the fact that the judge ordered the convening authority to give credit for confinement. The Government views this order to be an unauthorized interference with the responsibilities of the convening authority. I find it unfortunate that the judge denominated his crediting action as an order to the convening authority. I do not believe anything was required of the convening authority to implement the crediting and that the judge should not have couched his sentencing action in such terms. I believe the judge's decision to credit should have been conveyed to the appropriate authority at the confinement facility as an integral part of the sentence that had been imposed and that a projected release date should have then been computed at that facility based on this sentence, as is done in all cases when the adjudged sentence is made known to the confining authority. Later, if the convening authori-

---

2. *United States v. Larner, supra* at 372.

ty had mitigated the confinement in any way, an earlier release date would have been computed at the confinement facility. As I view it, no crediting action by the convening authority was needed to implement the judge's sentencing decision. Accordingly, approval of the adjudged sentence by the convening authority in this case should have left the confinement credit intact. I believe under the law it was incumbent upon the officer in charge of the confinement facility to release the petitioner on the date called for by a sentence to 14 months confinement which included judicially directed credit for the approximately 4 months pretrial confinement.

For these reasons, I would grant the instant petition and would issue a Writ of Habeas Corpus.